1  JAMES P. VAN, Bar No. 303853
   jpvan@littler.com
2  LITTLER MENDELSON, P.C.
   18565 Jamboree Road
3  Suite 800
   Irvine, CA 92612
4  Telephone: 949.705.3000
   Fax No.:    949.724.1201
5
   Attorneys for Defendant
6  UNITED PARCEL SERVICE, INC.

7

8              UNITED STATES DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA

10 DAVID WITCHER,                        | Case No.

11           Plaintiff,

12      v.                               | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION**

13 UNITED PARCEL SERVICE, INC.,
   a Ohio corporation and DOES 1
14 through 50, Inclusive,                | [28 U.S.C. §§ 1332, 1441, 1446]

15           Defendants.

16                                        | Trial Date: N/A
                                         | Complaint Filed: January 11, 2021

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

NOTICE OF REMOVAL                         1.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF DAVID WITCHER AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant United Parcel Service, Inc. ("Defendant" or "UPS"), hereby removes the above-captioned action from Kern County Superior Court in the State of California to the United States District Court for the Eastern District of California. Removal is proper in this Court pursuant to 28 U.S.C. sections 1332, 1441(a) and (b), and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

## I.   STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   PLEADINGS, PROCESS, AND ORDERS

2.      On January 11, 2021, Plaintiff David Witcher ("Plaintiff") filed a Complaint ("Complaint" or "Compl.") against Defendant "United Parcel Service, Inc., a Ohio corporation; and Does 1-50, inclusive," in Kern County Superior Court: *David Witcher versus United Parcel Service, Inc., a Ohio corporation; and Does 1-50, inclusive,* Case No. BCV-21-100061 (the "State Court Action"). The Complaint asserts the following eight causes of action: (1) failure to provide rest periods in violation of Cal. Labor Code §§ 226.7, 512 and IWC Wage Order No. 5-2001; (2) failure to provide meal periods in violation of Cal. Labor Code §§ 226.7, 512 & IWC Wage Order No. 5-2001; (3) failure to indemnify employee for all necessary expenditures or loss incurred in violation of Cal. Labor Code § 2802; (4) unpaid wages in violation of Cal. Labor Code §§ 204 and 510; (5) waiting time penalties for unpaid wages pursuant to Cal.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE OF REMOVAL                    2.

Labor Code §§ 201 and 203; (6) failure to provide accurate, itemized wage statements in violation of Cal. Labor Code § 226; (7) wrongful termination in violation of public policy; and (8) intentional infliction of emotional distress.

3.    On January 19, 2021, Plaintiff served Defendant with the Summons and Complaint. (Declaration of James P. Van ("Van Decl."), ¶ 2 & Exh. A.)

4.    On February 17, 2021, Defendant filed an Answer in the form of a general denial and affirmative defenses to the Complaint in Kern County Superior Court. (Van Decl., ¶ 3 & Exh. B.)

5.    Pursuant to 28 U.S.C. § 1446(d), Exhibits A and B constitute all process, pleadings, and orders filed in the State Court Action. (Van Decl., ¶ 4.) To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. (*Id.*)

6.    To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action and no other parties have been named or served with the Summons and Complaint in the State Court Action. (*Id.* at ¶¶ 5-6.)

## III.   TIMELINESS OF REMOVAL

7.    This Notice of Removal is timely filed as it is filed within thirty (30) days of January 19, 2021, the date of service of the Summons and Complaint, and within one year from the commencement of the State Court Action. *See* 28 U.S.C. § 1446(b).

## IV.   DIVERSITY JURISDICTION

8.    This Court also has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

### A.   Diversity of Citizenship

9.    <u>Plaintiff is a Citizen of California.</u> For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries,*

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

NOTICE OF REMOVAL                         3.

1   *Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she

2   resides with the intention to remain, or to which he or she intends to return. *Kanter v.*

3   *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

4         10.     At the time Plaintiff commenced the State Court Action, and at the time of

5   removal, Plaintiff was a citizen of the State of California. Specifically, Plaintiff alleges

6   that he is a "resident of County of KERN, CALIFORNIA." (*See* Van Decl., Exh A.

7   (Compl., ¶ 3)); *see also See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency

8   can create a rebuttable presumption of domicile supporting diversity of citizenship);

9   *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation

10  by party in state court complaint of residency "created a presumption of continuing

11  residence in [state] and put the burden of coming forward with contrary evidence on the

12  party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-

13  GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides

14  "*prima facie*" case of domicile). Thus, Plaintiff is a citizen of California for diversity

15  jurisdiction purposes.

16        11.    <u>Defendant is NOT a Citizen of California.</u> Defendant United Parcel

17  Service, Inc. is a corporation organized and existing under the laws of the state of Ohio.

18  (Compl., ¶ 5; Declaration of Marina Santos ("Santos Decl."), ¶ 2.)  It is well settled that

19  a corporation "shall be deemed a citizen of any State by which it has been incorporated

20  and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

21        12.     With regard to the corporate citizenship analysis, the United States

22  Supreme Court has made clear that a single, uniform test – the "nerve center" test –

23  shall be applied in determining a corporation's "principal place of business." *See Hertz*

24  *Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Although courts previously employed one

25  of a number of tests to determine a corporation's "principal place of business," the

26  United States Supreme Court clarified this uncertainty and announced a single, uniform

27  test to be applied in making such a determination. *Id.* In this regard, the Court held that

28  the "nerve center" test should be used to determine a corporation's "principal place of

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

NOTICE OF REMOVAL          4.

1   business." *Id.* To this end, the Court reasoned that a corporation's "nerve center" is

2   normally located where the corporation maintains its corporate headquarters and where

3   the "corporation's officers direct, control, and coordinate the corporation's activities."

4   *Id.* In other words, a corporation's "principal place of business" can be found where the

5   corporation's "brain" is located. *Id.* at 95.

6       13.   Applying the above analysis, the principal place of business, or "nerve

7   center" of Defendant United Parcel Service, Inc. is located in Atlanta, Georgia.

8   Defendant has at all relevant times had its principal place of business and headquarters

9   in Atlanta, Georgia. (Santos Decl., ¶ 2.) Defendant's high level officers direct, control,

10   and coordinate the Company's corporate and business activities from Atlanta, Georgia.

11   *Id.*) Accordingly, Defendant United Parcel Service, Inc. is not a citizen of California,

12   but rather is a citizen of the States of Ohio and Georgia for purposes of determining

13   diversity of citizenship.

14       14.   The presence of Doe defendants in this case has no bearing on diversity

15   with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action

16   is removable on the basis of the jurisdiction under section 1332(a) of this title, the

17   citizenship of defendants sued under fictitious names shall be disregarded.").

18       15.   Therefore, since Defendant is <u>not</u> a citizen of the forum State, *i.e.*,

19   California, complete diversity exists for purposes of 28 U.S.C. § 1332. *See Lincoln*

20   *Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

21       **B.   Amount in Controversy**

22       16.   Defendant only needs to show by a preponderance of the evidence (that it

23   is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional

24   minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

25   Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a), a defendant

26   seeking to remove a case to federal court need only file "a notice of removal 'containing

27   a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin*

28   *Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE OF REMOVAL                    5.

language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553. Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

17.    Plaintiff's Complaint alleges various claims for unpaid wages, as well as claims for wrongful termination in violation of public policy and intentional infliction of emotional distress. (*See* Complaint.) Although UPS denies the validity and merit of Plaintiff's claims and the underlying allegations, and further denies that Plaintiff is entitled to any relief, Plaintiff's allegations establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below

18.    Plaintiff contends that he "has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity, and other economic damages, according to proof at trial." (Compl., ¶¶ 60, 67, Prayer for Relief, ¶¶ 1, 5.) Plaintiff's employment with UPS was terminated on February 3, 2020. (Compl., ¶ 19; Santos Decl., ¶ 4.) As of that date, Plaintiff earned a pay rate of $40.24 per hour in his position as a Mechanic, and he worked approximately forty hours per week. (Compl., ¶¶ 10-12; Santos Decl., ¶¶ 4-6.) Assuming that Plaintiff would have continued to work an average of 40 hours per week, and conservatively estimating that this case will go to trial in January 2022, or one year from the date Plaintiff filed his Complaint, back pay would be calculated at **$164,179.20** ($40.24/hour x 40 hours/week x 102 weeks). As a result, even calculating *only* lost wages, Plaintiff potentially could recover well over the $75,000 threshold.

19.    Plaintiff is also seeking damages for "severe emotional pain and suffering, including but not limited to anguish, humiliation, anger, tension, depression, and

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE OF REMOVAL                6.

1   lowered self-esteem" that he sustained and continues to sustain. (Compl., ¶ 59, Prayer

2   for Relief, ¶ 4.) As a result, he "continues to suffer loss of income, loss of earning

3   capacity, loss of job opportunity, and other economic damages." *Id.* at. ¶¶ 66-67.) This

4   claim is in addition to his claim for lost wages. *See Luckett v. Delta Airlines, Inc.,* 171

5   F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation

6   may properly be factored into jurisdictional analysis for purposes of removal); *see also*

7   *Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that

8   emotional distress damages, although vaguely pled, were potentially substantial and

9   could factor into amount-in-controversy threshold); *Simmons v. PCR Tech.,* 209 F.

10  Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (acknowledging that while plaintiff was only

11  employed by the defendant for four months, "emotional distress damages in a successful

12  employment discrimination case may be substantial" and "may be considered when

13  calculating the amount in controversy even where not clearly pled in the complaint").

14  In *Kroske v. U.S. Bank Corp.,* 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld

15  the lower court's finding that the amount in controversy had been established. In

16  reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress

17  damages would add at least an additional $25,000 to her claim" where she had only

18  $55,000 in lost wages, thus satisfying the amount in controversy requirement "even

19  without including a potential award of attorney's fees." *Id.* at 980. Using the *Kroske*

20  "formula" as a baseline, the emotional distress component of Plaintiff's claims could

21  potentially add at least **$25,000** to the amount in controversy, if not more.

22      20.    Plaintiff also seeks punitive damages in connection with his allegations.

23  (Compl., ¶ 58, Prayer for Relief, ¶ 8.) The Court must take into account punitive

24  damages for purposes of determining the amount in controversy where such damages

25  are recoverable under state law. *Davenport v. Mut. Benefits Health and Accident Ass'n,*

26  325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d

27  1004, 1009 (N.D. Cal. 2002); *Simmons,* 209 F. Supp. 2d at 1033 (jury verdicts in other

28  "cases amply demonstrate the potential for large punitive damage awards in

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

NOTICE OF REMOVAL                                     7.

1  employment discrimination cases"). California law does not provide any specific

2  monetary limit on the amount of punitive damages that may be awarded under Civil

3  Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).

4  Additionally, employment discrimination cases have the potential for large punitive

5  damages awards. *Simmons,* 209 F. Supp. 2d at 1033. A punitive damages award may

6  equal as much as four times the amount of the actual damages award. *State Farm Mut.*

7  *Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871

8  F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in

9  controversy exceeded the jurisdictional minimum in a discrimination and wrongful

10  discharge lawsuit where the former employee asserted claims for lost wages, lost

11  benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the

12  purpose of punitive damages is to capture a defendant's attention and deter others from

13  similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the

14  jurisdictional minimum. *Id.* at 334. Although Defendant vigorously denies Plaintiff's

15  allegations, if Plaintiff were to prevail on his punitive damages claim, that claim alone

16  could exceed the jurisdictional minimum.

17      21.    Plaintiff also seeks attorneys' fees. (Compl., ¶¶ 24, 29, 34, 42, 48, 55, 61,

18  68, Prayer for Relief, ¶ 10.) It is well-settled that when authorized by statute, attorneys'

19  fees are to be included in the calculation of the amount of Plaintiff's claims for purposes

20  of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS*

21  *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute

22  authorizes an award of attorneys' fees, either with mandatory or discretionary language,

23  such fees may be included in the amount in controversy"); *Brady,* 243 F. Supp. 2d at

24  1010-11 (in deciding amount in controversy issue, court may estimate amount of

25  reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail).

26      22.    Moreover, a defendant may use damage awards in other cases to establish

27  the amount in controversy. *Simmons,* 209 F. Supp. 2d at 1033. "Recent estimates for

28  the number of hours expended through trial for employment cases in [federal district

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE OF REMOVAL                           8.

court in California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may **reasonably be expected to equal at least $30,000** (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, No. CV14-09154-AB(AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (emphasis added). Thus, Plaintiff's demand for attorneys' fees adds at least **$30,000** to the amount in controversy, which is a very conservative estimate. *See e.g.*, *Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $971,684); *Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) (upholding award of $75,258 in attorneys' fees under the FEHA); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (1986) (upholding $550,000 in attorneys' fees awarded under the FEHA); *Begazo v. Passages Silver Strand L.L.C.*, JVR No. 1706020057 (Cal. Super. 2017) (court awarding $375,568 in attorneys' fees in FEHA action).

23.    Plaintiff also seeks such open-ended relief "[f]or any and all other relief the Court deems just and proper." (Prayer for Relief, ¶ 15.) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000.)

24.    In sum, although Defendant does not concede Plaintiff's claims have any merit, based on the above information, it is certain that the amount in controversy for Plaintiff's claims exceeds the $75,000 jurisdictional requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE OF REMOVAL                              9.

## V.  VENUE

25.  Venue lies in the Eastern District of California pursuant to 28 U.S.C. sections 84(b), 1441(a), and 1446(a).  Plaintiff originally brought the State Court Action in the Superior Court of the State of California, County of Kern.

## VI.  NOTICE OF REMOVAL

26.  Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Ahmed M. Jammal, Esq. and Salah Khatib, Esq., Jammal Law Firm, 245 Fischer Avenue, Suite B4, Costa Mesa, California 92626; and David J. McGlothlin, Esq., Kazerouni Law Group, APC, 245 Fischer Avenue, Suite D1, Costa Mesa, California 92626. (Van Decl., ¶ 7.) In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Kern. *Id*.

WHEREFORE, Defendant United Parcel Service, Inc. prays that the Court remove this civil action from the Superior Court of the State of California, County of Kern, to the United States District Court for the Eastern District of California.


Dated:      February 18, 2021

/S/ James P. Van
JAMES P. VAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

4821-4460-3867.2 110830.1002

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE OF REMOVAL                    10.