# EXHIBIT "A"



**null / LABOR**
**Transmittal Number: 22586420**
**Date Processed: 01/20/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP UPS - United Parcel Labor<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Electronic copy provided to:** | Arlette Willis<br>Bishop Martin<br>Salem Desir |

| | |
|---|---|
| **Entity:** | United Parcel Service, Inc.<br>Entity ID Number  2551129 |
| **Entity Served:** | United Parcel Service, Inc. |
| **Title of Action:** | David Witcher vs. United Parcel Service, Inc. |
| **Matter Name/ID:** | David Witcher vs. United Parcel Service, Inc. (10834110) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Kern County Superior Court, CA |
| **Case/Reference No:** | BCV-21-100061 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/19/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Ahmed M. Jammal<br>949-420-9290 |
| **Client Requested Information:** | Matter Type: Wage Claims over $5K |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITED PARCEL SERVICE, INC., a Ohio corporation, and DOES 1
through 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID WITCHER

**ELECTRONICALLY FILED**

1/11/2021

**Kern County Superior Court**
**By Sophia Munoz Alvarez, Deputy**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Metropolitan Division - Kern County<br><br>1415 Truxtun Ave<br>Bakersfield, CA 93301 | CASE NUMBER:<br>*(Número del Caso):*  BCV-21-100061 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ahmed M. Jammal, Esq.; 245 Fischer Ave. Ste B4, Costa Mesa, CA 92626; (949) 420-9290
David J. McGlothlin, Esq.; 245 Fischer Ave., Suite D1, Costa Mesa, CA 92626; (800) 400-6808

| DATE:<br>*(Fecha)* 1/11/2021 | TAMARAH HARBER-PICKENS | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* United Parcel Service, Inc. a Ohio corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1/19/21

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ELECTRONICALLY FILED
1/11/2021 1:26 PM
Kern County Superior Court
By Sophia Munoz Alvarez, Deputy

1   Ahmed M. Jammal, Esq. (SBN 317276)
    ahmed@jammalesq.com
2   Salah Khatib, Esq. (SBN 330359)
    sal@jammalesq.com
3   **JAMMAL LAW FIRM, APC**
    245 Fischer Avenue, Suite B4
4   Costa Mesa, CA 92626
    Phone: (949) 333-0705 | Fax: (949) 333-0708
5
    David J. McGlothlin, Esq. (SBN 253265)
6   david@kazlg.com
    **KAZEROUNI LAW GROUP, APC**
7   245 Fischer Avenue, Suite D1
    Costa Mesa, CA 92626
8   Phone: (800) 400-6808 | Fax: (800) 520-5523

9
    Attorneys for Plaintiff
10  DAVID WITCHER

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                          COUNTY OF KERN

13
    DAVID WITCHER,                          Case No.: BCV-21-100061
14
                      Plaintiff,            **COMPLAINT FOR DAMAGES AND**
15          vs.                             **INJUNCTIVE RELIEF:**
16                                          **(1) Failure to Provide Rest Periods** [Cal. Lab. Code §§
    UNITED PARCEL SERVICE, INC., a Ohio corporation;   226.7, 512 & IWC Wage Order No. 5-2001 ¶¶ 11 & 12]
17  and DOES 1 through 50, Inclusive,
                                            **(2) Failure to Provide Meal Periods** [Cal. Lab. Code
18                    Defendants.           §§ 226.7, 512 & IWC Wage Order No. 5-2001 ¶¶ 11 &
19                                          12]
                                            **(3) Failure to Indemnify Employee for all Necessary**
20                                          **Expenditures or Loss Incurred** [Cal. Lab. Code §
21                                          2802]
22                                          **(4) Unpaid Wages** [Cal. Lab. Code §§ 204, 510]
                                            **(5) Waiting Time Penalties for Unpaid Wages** [Cal.
23                                          Lab. Code §§ 201, 203]
24                                          **(6) Failure to Provide Accurate, Itemized Wage**
25                                          **Statements** [Cal. Lab. Code § 226]
26                                          **(7) Wrongful Termination in Violation of Public**
                                            **Policy**
27                                          **(8) Intentional Infliction of Emotional Distress.**
28

**DEMAND FOR JURY TRIAL**

DAVID WITCHER, by and through his attorneys, alleges as follows:

1.     Plaintiff filed a complaint of employment discrimination on December 30, 2020 before the State of California Department of Fair Employment and Housing ("DFEH") under California Fair employment and Housing Act ("FEHA") (Gov. Code, § 12900 et seq.). (*See* attached Exhibit 1, a true and accurate copy of DFEH Complaint No. 202012-12208230).

2.     Plaintiff's complaint with DFEH was closed and a Right to Sue notice was concurrently issued on December 30, 2020. (*See* attached Exhibit 2, a true and accurate copy of Notice of Case Closure and Right to Sue).

### THE PARTIES

3.     DAVID WITCHER is a resident of County of KERN, CALIFORNIA.

4.     Plaintiff is, and at all times mentioned herein was, an individual employee of Defendant, who was employed by Defendant from on or about December 21, 2016, to about February 3, 2020.

5.     Plaintiff is informed and believes and on that basis alleges that UNITED PARCEL SERVICE, INC. (hereinafter "DEFENDANT") is a corporation organized and existing under the laws of OHIO doing business in BAKERSFIELD, County of KERN, CALIFORNIA. Defendant is in the business of trucking and hazardous material.

6.     Plaintiffs do not know the true names and capacities of defendants sued in this Complaint as Doe 1 through Doe 50, inclusive, and therefore sues these defendants by fictitious names under Section 474 of the California Code of Civil Procedure. Plaintiff will amend this Complaint to allege the true names and capacities of Doe 1 through Doe 50, inclusive, when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants named herein as Doe 1 through Doe 50, inclusive, is responsible in some manner for the occurrence, injury, and other damages alleged in this Complaint.

### JURISDICTION AND VENUE

7.     Jurisdiction is proper in the California Superior Court, County of Kern because the actions and injuries giving rise to this Complaint took place in the County of Kern, State of California, and because Defendants

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL - 2

1    conduct business in Kern County because it has general subject matter jurisdiction and no statutory exceptions to

2    jurisdiction exist.

3        8.      This Court has personal jurisdiction over Defendants because the events that injured Plaintiff

4    occurred in Kern County, State of California.

5        9.      Venue is proper in this Court pursuant to California Code of Civil Procedure 395.5 because

6    Defendant's obligations and liabilities to Plaintiff arose in Kern County.

7                                  **FACTUAL ALLEGATIONS**

8        10.     On or about December 21, 2016, Defendants hired Plaintiff as a mechanic.

9        11.     Plaintiff worked approximately forty (40) hours a week.

10       12.     Defendants payed Plaintiff $40.24 per hour.

11       13.     Defendants influx of business resulted in Plaintiff's rest periods and meal breaks being frequently

12   interrupted. Plaintiff was never paid for this.

13       14.     Plaintiff was also required to use his personal cell phone for the benefit of Defendant while at work.

14       15.     On or about January 27, 2020, Plaintiff spoke with a fellow co-worker regarding a particular

15   vehicle being placed out of circulation. Plaintiff's issue was that no report had been submitted citing mechanical

16   malfunctions.

17       16.     Plaintiff commented on the situation, believing that another co-worker lied about submitting a

18   report as no report had been found.

19       17.     Plaintiff attempted to submit a complaint.

20       18.     On or around February 3, 2020, Plaintiff was brought into a meeting to address the comment he

21   made previously. Plaintiff attempted to explain he had no ill intent regarding his comments, yet Defendants still

22   chose to terminate Plaintiff.

23       19.     On or around February 3, 2020, Plaintiff was terminated without an explanation or investigation.

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL - 3

1

**FIRST CAUSE OF ACTION**

2

**(FAILURE TO PROVIDE REST PERIODS)**

3

**[Cal. Lab. Code §§ 226.7, 512 & IWC Wage Order No. 5-2001 ¶¶ 11 & 12]**

4

**(Against All Defendants and DOE Defendants)**

5    20.    Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 1

6    through 19 hereof, as if fully set forth herein.

7    21.    Plaintiff is entitled to an hour of compensation at his regular rate of pay for each instance when

8    Defendant failed to properly provide a rest period as set forth in Labor Code §§ 226.7 and 512 and the applicable

9    IWC Wage Orders in an amount determinable according to proof.

10    22.    Pursuant to Labor Code §§ 226.7 and 512, Plaintiff seeks the payment of all rest period

11    compensation that he is owed as a premium wage penalty, according to proof.

12    23.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has

13    sustained damages in an amount to be established at trial.

14    24.    As a further direct and proximate result of Defendant's unlawful conduct herein, Plaintiff is entitled

15    to recover various penalties in an amount to be established at trial, as well as costs, interest, and attorneys' fees.

16

**SECOND CAUSE OF ACTION**

17

**(FAILURE TO PROVIDE MEAL PERIODS)**

18

**[Cal. Lab. Code §§ 226.7, 512 & IWC Wage Order No. 5-2001 ¶¶ 11 & 12]**

19

**(Against All Defendants and DOE Defendants)**

20    25.    Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 1

21    through 24 hereof, as if fully set forth herein.

22    26.    Plaintiff is entitled to an hour of compensation at his regular rate of pay for each instance when

23    Defendants failed to properly provide a meal period as set forth in Labor Code §§ 226.7 and 512 and the applicable

24    IWC Wage Orders in an amount determinable according to proof.

25    27.    Pursuant to Labor Code §§ 226.7 and 512, Plaintiff seeks the payment of all meal period

26    compensation that he is owed as a premium wage penalty, according to proof.

27    28.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has

28    sustained damages in an amount to be established at trial.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL - 4

29.    As a further direct and proximate result of Defendants' unlawful conduct herein, Plaintiff is entitled to recover various penalties in an amount to be established at trial, as well as costs, interest, and attorneys' fees.

### THIRD CAUSE OF ACTION

### (FAILURE TO INDEMNIFY EMPLOYEE FOR ALL NECESSARY EXPENDITURES OR LOSSES INCURRED )

### [Violation of California Labor Code § 2802]

### (Against All Defendants and DOE Defendants)

30.    Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 29 hereof, as if fully set forth herein.

31.    At all times, Labor Code § 2802(a) provides that an employer must indemnify and reimburse employees for all necessary expenditures and losses incurred by employees in the discharge of their duties, or their obedience to the directions of an employer.

32.    Plaintiff incurred reasonable and necessary expenses in the course of completing their job duties for Defendants, which were not reimbursed by Defendants.  These expenses included but are not limited to using Plaintiff's personal cell phone throughout the whole day to answer and make calls with clients for Defendants, including use of monthly cellular phone voice and data plans.

33.    As a direct result of Defendant's conduct alleged herein, Plaintiff and the California Class have suffered monetary damages in an amount equal to the sum of their unreimbursed expenditures or losses incurred in the discharge of their duties, plus interest thereon.

34.    As a further direct and proximate result of Defendants' unlawful conduct herein, Plaintiff is entitled to recover various penalties in an amount to be established at trial, as well as costs, interest, and attorneys' fees.

### FOURTH CAUSE OF ACTION

### (UNPAID WAGES)

### [Violation of California Labor Code § 204 and § 510]

### (Against All Defendants and DOE Defendants)

35.    Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 34 hereof, as if fully set forth herein.

///

36.    At all times, hereto, Labor Code § 204(b)(1) has required employers to pay employees "all wages earned for labor in excess of the normal work period . . . no later than the payday for the next regular payroll period."

37.    Plaintiff was employed by Defendant and entitled to receive full payment of all earned wages as set forth in Labor Code § 204.

38.    Pursuant to the applicable IWC Wage Orders, and California Code of Regulations, Title 8, Section 11010 no employee shall be employed for more than eight hours in any workday or forty hours in any workweek unless the employee receives overtime wages. Employment beyond eight hours in any workday or more than six days in any workweek is permissible provided the employee is compensated for such overtime at not less than: 1) One and one-half times the hourly rate of pay for all hours worked in excess of eight (8) hours per day, forty (40) hours per week, and/or the first eight (8) hours of the seventh consecutive workday; and twice times the rate of pay for all hours worked in excess of twelve (12) hours per day and/or eight (8) hours on the seventh consecutive workday; and 2) Double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in a workweek. Labor Code § 510.

39.    Defendant systematically failed and refused to provide Plaintiff with their earned wages within the time frames required under the Labor Code.

40.    Pursuant to Labor Code § 204 and § 510 , Plaintiff seeks the payment of all unpaid wages that he is owed as a premium wage penalty, according to proof.

41.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages in an amount to be established at trial.

42.    As a further direct and proximate result of Defendants' unlawful conduct herein, Plaintiff is entitled to recover various penalties in an amount to be established at trial, as well as costs, interest, and attorneys' fees.

### FIFTH CAUSE OF ACTION

#### (WAITING TIME PENALTIES FOR UNPAID WAGES)

#### [Cal. Labor Code § 201 and § 203]

#### (Against All Defendants and DOE Defendants)

43.    Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 42 hereof, as if fully set forth herein.

44.    Plaintiff alleges that Defendants have accrued waiting time penalties pursuant to California Labor Code § 203, in an amount to be established according to proof at trial, plus prejudgment interest at the legal rate pursuant to §§ 218.6 and 1194(a) of the California Labor Code.

45.    At all times, hereto, Labor Code § 201 provides, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code § 203 additionally provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201..., any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

46.    Pursuant to Labor Code § 201 and § 203 , Plaintiff seeks the payment of all waiting time penalties that he is owed as a premium wage penalty, according to proof.

47.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages in an amount to be established at trial.

48.    As a further direct and proximate result of Defendants' unlawful conduct herein, Plaintiff is entitled to recover various penalties in an amount to be established at trial, as well as costs, interest, and attorneys' fees.

### SIXTH CAUSE OF ACTION

### (FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS)

### [California Labor Code § 226]

### (Against All Defendants and DOE Defendants)

49.    Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 48 hereof, as if fully set forth herein.

50.    At all times, § 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions made from wages earned by Plaintiff, and to accurately report total hours worked, and wages earned, by such employees. Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement that should have been provided to Plaintiff.

51.    California wage orders require that every employer must keep accurate records for each non-exempt employee for at least two years identifying: (1) when he/she begins and ends work each period; (2) when

1    he/she takes a meal period, unless all work at the location ceases; (3) his/her total daily hours worked; and (4) the
2    total hours he/she worked in the payroll period and all applicable rates of pay.

3        52.      By failing to keep adequate records, as required by Labor Code § 226, Defendants have injured
4    Plaintiff, and made it confusing and difficult to calculate the unpaid wages earned and expenditures not indemnified
5    by Defendants (including wages, interest, and penalties thereon) due to Plaintiff.

6        53.      Plaintiff seeks to recover the statutory penalties provided by Labor Code § 226(e) for the wage
7    statement violations committed by Defendants.

8        54.      As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has
9    sustained damages in an amount to be established at trial.

10       55.      As a further direct and proximate result of Defendants' unlawful conduct herein, Plaintiff is entitled
11   to recover various penalties in an amount to be established at trial, as well as costs, interest, and attorneys' fees.

12                                  **SEVENTH CAUSE OF ACTION**

13                  **(WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)**

14                         **(Against All Defendants and DOE Defendants)**

15       56.      Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 1
16   through 55 hereof, as if fully set forth herein.

17       57.      Defendant terminated Plaintiff's employment because of an off-hand retort he made regarding a
18   fellow driver's failure to submit a report citing mechanical malfunctions, and for pursuing a complaint to management
19   stating otherwise, in violation of fundamental, substantial, and well-grounded public policies which are set forth in
20   FEHA. Moreover, in further violation of FEHA, Defendant failed to investigate the matter at length and terminated
21   Plaintiff without due process.

22       58.      The facts set forth herein above establish that Defendant is guilty of malice and oppression,
23   warranting an assessment of exemplary damages in an amount appropriate to punish said Defendants and to deter
24   others from engaging in similar misconduct.

25       59.      As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has sustained and
26   continues to sustain severe emotional pain and suffering, including but not limited to anguish, humiliation, anger,
27   tension, anxiety, depression, and lowered self-esteem, according to proof at trial.

28   ///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL - 8

60.     As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity, and other economic damages, according to proof at trial.

61.     Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

### EIGHTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (Against All Defendants and DOE Defendants)

62.     Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 61 hereof, as if fully set forth herein.

63.     Between approximately December 21, 2016 and February 3, 2020, Defendant's conduct and/or actions were demeaning, extreme, and outside all bounds of decent human rights despite obvious protections found in Gov. Code § 12900 et seq.

64.     At said times above, Defendant intended or knew that such emotional distress was substantially certain to result as they purposely failed to promptly investigate and take appropriate corrective action, as Defendant allowed co-workers to harass Plaintiff. At said times, Defendant knew and/or ratified those co-worker's intentional conduct against Plaintiff.

65.     At said time, Defendant's conduct and actions, by and through the ratification of other corporate agents, were intended to cause and/or recklessly caused Plaintiff to suffer severe emotional distress.

66.     As a direct and proximate result of Defendant's action and/or inaction, Plaintiff suffered and continues to suffer from severe emotional distress.

67.     As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity, and other economic damages.

68.     Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAVID WITCHER prays for a judgment against Defendant, as follows:

1.     For actual and compensatory damages according to proof pursuant to the Labor Code, applicable IWC Orders, Cal. Gov. Code, and all other applicable laws and regulations;

2.     For restitution and disgorgement to the extent permitted by applicable law;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL - 9

3.    For an order enjoining Defendant from continuing to engage in the conduct described herein;

4.    For general damages, according to proof;

5.    For special damages, according to proof;

6.    For Statutory damages;

7.    For liquidated damages;

8.    For punitive damages in an amount to be determined by the Court according to proof;

9.    For an award of costs;

10.   For an award of reasonable attorneys' fees;

11.   For an award of pre-judgment interest at the maximum amount allowed by law;

12.   For an award of post-judgment interest at the maximum amount allowed by law;

13.   For injunctive relief;

14.   For an award or post-judgment interest for the maximum amount allowed by law; and

15.   For any and all other relief the Court deems just and proper.

**REQUEST FOR JURY TRIAL**

Plaintiff DAVID WITCHER hereby demands a trial by jury on all issues.

Dated: December 30, 2020                    **JAMMAL LAW FIRM, APC**

By: _____

Ahmed M. Jammal, Esq.

Attorneys for Plaintiffs
DAVID WITCHER

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL - 10

EXHIBIT 1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
David Witcher                                    DFEH No. 202012-12208230

                                    Complainant,

vs.

United Parcel Service, Inc.
,

                                    Respondents

---

1. Respondent **United Parcel Service, Inc.** is an **employer United Parcel Service, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.
3. Complainant **David Witcher**, resides in the City of , State of .

4. Complainant alleges that on or about **February 3, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's other.  protected characteristics

**Complainant was discriminated against** because of complainant's race, gender identity or expression, other and as a result of the discrimination was terminated, reprimanded, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, denied any employment benefit or privilege, other, denied work opportunities or assignments.

**Additional Complaint Details:** 1.    On or about December 21, 2016, Defendants hired Plaintiff as a mechanic.
2.        Plaintiff worked approximately forty (40) hours a week.
3.        Defendants payed Plaintiff $40.24 per hour.

Date Filed: December 30, 2020

4.      Defendants influx of business resulted in Plaintiff's rest periods and meal breaks being frequently interrupted. Plaintiff was never paid for this.

5.      Plaintiff was also required to use his personal cell phone for the benefit of Defendant while at work.

6.      On or about January 27, 2020, Plaintiff spoke with a fellow co-worker regarding a particular vehicle being placed out of circulation. Plaintiff's issue was that no report had been submitted citing mechanical malfunctions.

7.      Plaintiff commented on the situation, believing that another co-worker lied about submitting a report as no report had been found.

8.      Plaintiff attempted to submit a complaint.

9.      On or around February 3, 2020, Plaintiff was brought into a meeting to address the comment he made previously. Plaintiff attempted to explain he had no ill intent regarding his comments, yet Defendants still chose to terminate Plaintiff.

10.     On or around February 3, 2020, Plaintiff was terminated without an explanation or investigation.

-2-
*Complaint – DFEH No. 202012-12208230*

Date Filed: December 30, 2020

1 VERIFICATION

2 I, **Ahmed Jammal**, am the **Attorney** in the above-entitled complaint. I have read the
3 foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

4
5 On December 30, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

6                                                                                              **Costa Mesa, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                  -3-
28 Date Filed: December 30, 2020

1

EXHIBIT 2

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**      KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 30, 2020

David Witcher

,

RE:    **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202012-12208230
      Right to Sue: Witcher / United Parcel Service, Inc.

Dear David Witcher:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
December 30, 2020 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ahmed M. Jammal (SBN 317276)<br>Jammal Law Firm, APC; 245 Fischer Ave. Suite B4, Costa Mesa, CA 92626<br>David J. McGlothlin (SBN 253265)<br>Kazerouni Law Group; APC; 245 Fischer Ave. Suite D1, Costa Mesa, CA 92626<br>  TELEPHONE NO.: (949) 420-9290   FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff, David Witcher | **ELECTRONICALLY FILED**<br>**1/11/2021 1:26 PM**<br>**Kern County Superior Court**<br>**By Sophia Munoz Alvarez, Deputy** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kern
STREET ADDRESS: 1415 Truxtun Ave
MAILING ADDRESS: 1415 Truxtun Ave
CITY AND ZIP CODE: Bakersfield, 93301
BRANCH NAME: Metropolitan Division - Kern County

CASE NAME:
David Witcher v. United Patcel Service, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BCV-21-100061 |
|---|---|---|
| ✔ Unlimited    ☐ Limited<br>  (Amount        (Amount<br>  demanded      demanded is<br>  exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>  (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
✔ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary  b. ✔ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is ✔ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/30/2020

Ahmed M. Jammal, Esq.
_____        ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition