# EXHIBIT "B"

ELECTRONICALLY FILED
2/17/2021 11:04 AM
Kern County Superior Court
By Yesenia Sanchez, Deputy

D. CHAD ANDERTON, Bar No. 199922
canderton@littler.com
JAMES P. VAN, Bar No. 303853
jpvan@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
Telephone: 949.705.3000
Fax No.: 949.724.1201

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF KERN

| | |
|---|---|
| DAVID WITCHER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED PARCEL SERVICE, INC., an Ohio corporation, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. BCV-21-100061<br>ASSIGNED FOR ALL PURPOSES TO JUDGE DAVID R. LAMPE<br><br>**DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Trial Date: N/A<br>Complaint Filed: January 11, 2021 |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO COMPLAINT

Defendant UNITED PARCEL SERVICE, INC. ("UPS" or "Defendant"), hereby answers the unverified Complaint ("Complaint") of Plaintiff DAVID WITCHER ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure § 431.30, Defendant generally denies each and every allegation contained in the Complaint, and further denies that Plaintiff is entitled to economic damages, compensatory damages, non-economic damages, punitive damages, attorneys' fees, costs of suit, or any other relief of any kind whatsoever.

### AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses. By asserting these defenses, Defendant does not concede that it has the burden of proof as to any affirmative defense asserted below. Defendant does not presently know all the facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

**(Failure To State A Claim)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver)**

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel, Laches)**

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrines of estoppel and/or laches.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

**(Consent)**

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by Plaintiff's express or implied consent to the conduct attributed to Defendant.

## SIXTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action alleged therein are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 335.1, 337, 338, 339, 340.

## SEVENTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action alleged therein are barred to the extent that Plaintiff failed to timely invoke and/or fully exhaust any and all applicable administrative remedies prior to filing suit.

## EIGHTH AFFIRMATIVE DEFENSE

**(Claims Exceed Scope of Administrative Charges)**

As a separate and distinct affirmative defense, Defendant alleges that the allegations contained in the Complaint are not reasonably related to, and/or exceed the scope of, the claims in any charges Plaintiff filed with an administrative agency.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3.

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO COMPLAINT

### NINTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach of Duties)

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by his own breach of the duties owed to Defendant pursuant to California Labor Code sections 2854-2859.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff failed to take reasonable actions to mitigate his damages, if any, and any recovery to which Plaintiff might be entitled must be reduced by reason of his failure to mitigate his damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Offset/Set Off)

As a separate and distinct affirmative defense, Defendant asserts that the Complaint and each cause of action set forth therein is subject to the doctrines of set off, offset and/or recoupment on the part of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

As a separate and distinct affirmative defense, Defendant alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable consequences because Defendant took reasonable steps to comply with the law, but Plaintiff unreasonably failed to follow his employer's policies and practices and failed to use the preventative and corrective opportunities provided to him, and the reasonable adherence to or use of such procedures would have prevented at least some, if not all, of the harm Plaintiff allegedly suffered.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

As a separate and distinct affirmative defense, to the extent that Plaintiff is seeking damages for emotional and/or physical injury, his claims are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, et seq., in that: (1) the injuries complained of allegedly occurred when both Plaintiff and Defendant were subject to California Labor Code sections 3600 to 3601; (2) at the time of the alleged injuries, Plaintiff was performing services in the course and scope of his employment; (3) Plaintiff alleges that the injuries were caused by his employment; (4) Plaintiff's employment was covered by workers' compensation; and (5) Defendant paid the entire cost for that coverage. Accordingly, this Court lacks subject matter jurisdiction over said claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any recovery on Plaintiff's Complaint or any cause of action alleged therein is barred due to after-acquired evidence, which independently justified the termination of Plaintiff's employment, to the extent Plaintiff claims there was a decision made by Defendant to terminate his employment.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

As a separate and distinct affirmative defense, Plaintiff's Complaint and each purported cause of action therein, or some of them, cannot be maintained against Defendant because, if any unlawful motive existed in connection with any employment decision involving Plaintiff, which Defendant denies, any and all claims are nevertheless barred because such employment decision would have been the same without such alleged unlawful motive.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5.

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause and Failure to Exercise Ordinary Care)

As a separate and distinct affirmative defense, if any loss, injury, damage or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was caused and contributed to by the actions of Plaintiff, and, as Plaintiff did not exercise ordinary care, his own acts and omissions proximately caused and contributed to the loss, injury, damage or detriment alleged by Plaintiff. Plaintiff's recovery from Defendant, if any, should be barred entirely or, at a minimum, reduced in proportion to the percentage of Plaintiff's negligence or fault.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Contributory and/or Comparative Negligence)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution and/or prudence and the alleged injuries and damages, if any were suffered, were proximately caused and/or contributed to by Plaintiff's own negligent and/or intentional conduct and any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's contributory and/or comparative negligence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Managerial Privilege)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred and cannot be maintained because Defendant's conduct (and the conduct of Defendant' officers, managers or employees while acting in the course and scope of their employment) is protected by the managerial privilege in that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, and for proper and lawful reasons.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons for Employment Decision)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because the employment decisions about which Plaintiff complains were based upon legitimate, non-discriminatory business reasons.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6.

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a claim for punitive damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

As a separate and distinct affirmative defense to Plaintiff's Complaint and to each purported claim for relief therein, Defendant alleges that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to Defendant in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the law, under the United States and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Bad Faith and/or Frivolous Claims)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or his attorneys pursuant to California law including, but not limited to, California Code of Civil Procedure section 128.5 and/or Government Code section 12965(b).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Preemption)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each alleged cause of action set forth therein is preempted and/or barred, in whole or in part, by the Labor Management Relations Act and/or the National Labor Relations Act.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO COMPLAINT

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Liquidated Damages)

As a separate and distinct affirmative defense, the Complaint, and each and every cause of action alleged therein, fail to state a claim for an award of liquidated damages, costs, or attorneys' fees under California Labor Code sections 218.5, 226, 1194, 1194.2(a), and 2698 *et seq.*, Code of Civil Procedure section 1021.5, California Business and Professions Code section 17200 *et seq*.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Meal Periods/Rest Breaks – Provided)

As a separate and distinct affirmative defense, any meal period and rest break claims are barred, in whole or in part, because Plaintiff was provided with all meal periods and rest breaks required by statute, Wage Order or administrative regulation.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Meal Periods/Rest Breaks – Not Prevented)

As a separate and distinct affirmative defense, any meal period and rest break claims are barred, in whole or in part, because Defendant did not prevent Plaintiff from taking such meal periods and rest breaks.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Meal Periods – Voluntary Waiver)

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal that any meal period claims fail, in whole or in part, because Plaintiff agreed to waive any meal periods for shifts longer than five hours but less than six hours in length and/or greater than ten hours but less than twelve hours in length (and in the event the first meal period was not waived).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Meal Periods/Rest Breaks – Failure to Follow Instructions)

As a separate and distinct affirmative defense, civil penalties pursuant to Labor Code section 558 predicated on Labor Code sections 226.7 and 512 are inappropriate because, to the extent, if any,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8.

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO COMPLAINT

that Plaintiff did not take meal periods or rest breaks, it was the result of her failure to follow Defendant's reasonable instructions.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Records – Full Compliance)

As a separate and distinct affirmative defense, any claims for failure to provide records fail, in whole or in part, because Defendant fully complied with any obligations under Labor Code sections 226 or 1198.5 within the requisite time after Plaintiff provided a written authorization for Plaintiff's attorney to request records under Labor Code sections 226 or 1198.5.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Expenses Not Reasonably Necessary or Required)

Any claims for expense reimbursement pursuant to Labor Code section 2802 are barred, in whole or in part, because the expenses claimed were not reasonably necessary/required for job and/or were not incurred in direct consequence of the discharge of Plaintiff's duties.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Expenses Not Reasonable)

Any claims for expense reimbursement pursuant to Labor Code section 2802 are barred, in whole or in part, because the expenses claimed were not reasonable.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Expenses Properly Reimbursed)

Any claims for expense reimbursement pursuant to Labor Code section 2802 are barred, in whole or in part, because Defendant properly reimbursed for any necessary and reasonable business-related expenditures.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Waiting-Time Penalties – Good Faith Dispute)

Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in part, because a good faith dispute exists over whether wages are owed.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9.

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO COMPLAINT

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Waiting-Time Penalties – Not Willful)

Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in part, because any failure to pay waiting time penalties was not intentional or willful.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Waiting Time Penalties – Not Wages)

Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in part, because the compensation/premiums sought do not constitute wages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Wage Statements – Not Knowing or Intentional)

Any claims for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Plaintiff was not "injured" thereby and/or because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Wage Statements – Good Faith Belief)

Defendant acted with a reasonable and good faith belief that it complied with its obligations, if any, under the California Labor Code, specifically including sections 226, 226.3, and 226.7 thereof, as to Plaintiff.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Wage Statements – Substantial Compliance)

Any claims for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Defendant substantially complied with all applicable laws, statutes, regulations, and applicable Wage Orders.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Prejudgment Interest Cannot Be Granted)

As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10.

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO COMPLAINT

Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### FORTIETH AFFIRMATIVE DEFENSE

**(No Protected Activity)**

As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint, and each purported cause of action alleged therein, are barred, including but not limited to Plaintiff's claim for violation of public policy, because Plaintiff did not engage in any legally protected activity.

### FORTY-FIRST AFFIRMATIVE DEFENSE

**(No Causal Connection)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each of its purported claims, cannot be maintained against Defendant because there is no requisite causal connection between any alleged protected activity and any alleged adverse employment action.

### FORTY-SECOND AFFIRMATIVE DEFENSE

**(No Extreme or Outrageous Conduct)**

As a separate and distinct affirmative defense, Defendant alleges that the conduct for which Plaintiff complains was not extreme and outrageous.

### FORTY-THIRD AFFIRMATIVE DEFENSE

**(No Violation Of Public Policy)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained as Plaintiff never experienced any wrongful employment action by Defendant, and Defendant committed no violation of public policy.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

**(*Res Judicata*, Collateral Estoppel, and Judicial Estoppel)**

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them are barred by the doctrines of *res judicata*, collateral estoppel, and/or judicial estoppel.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO COMPLAINT

### RESERVATION OF RIGHT TO ASSERT
### ADDITIONAL AFFIRMATIVE DEFENSES

Plaintiff's Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserve the right to amend this Answer for purposes of asserting such additional defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice;
2. Plaintiff takes nothing by his action against Defendant;
3. Defendant be awarded attorneys' fees and costs; and
4. Defendant be awarded such other and further relief as this Court deems just and proper.

Dated: February 17, 2021

_____
D. CHAD ANDERTON
JAMES P. VAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12.

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO COMPLAINT

**PROOF OF SERVICE**
**DAVID WITCHER V. UNITED PARCEL SERVICE, INC.**
**Kern County Superior Court Case No. BCV-21-100061**

I am **employed** in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is 18565 Jamboree Road, Suite 800, Irvine, CA 92612-25654.

On February 17, 2021, I served the within documents described as: **DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties by placing ☐ the original [or] ☒ a true copy thereof ☐ to interested parties as follows [or] ☐ as stated on the below service list:

| | |
|---|---|
| Ahmed M. Jammal, Esq. (SBN 317276)<br>Salah Khatib, Esq. (SBN 330359)<br>JAMMAL LAW FIRM, APC<br>245 Fischer Avenue, Suite B4<br>Costa Mesa, CA 92626 | Phone: (949) 333-0705<br>Fax: (949) 333-0708<br>E-mail: ahmed@jammalesq.com;<br>sal@jammalesq.com |
| David J. McGlothlin, Esq. (SBN 253265)<br>KAZEROUNI LAW GROUP, APC<br>245 Fischer Avenue, Suite D 1<br>Costa Mesa, CA 92626 | Phone: (800) 400-6808<br>Fax: (800) 520-5523<br>david@kazlg.com |

Attorney for Plaintiff DAVID WITCHER as follows:

☒ **BY ELECTRONIC MAIL WHERE INDICATED:** Pursuant to CCP § 1010.6 (Amended by Stats. 2020, Ch. 112, Sec. 2. (SB 1146) Effective September 18, 2020.. and the rules in this chapter. CRC 2.251 (c)(1) (amended eff 1/1/2020) , I served the foregoing document described by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is egranados@littler.com.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 17, 2021, at Irvine, California.

_____
Evangeline Granados

4811-3273-8780.1 110830.1002

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

13.

DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO COMPLAINT